IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLOIRDA
TALLAHASSEE DIVISION

**CLIFFORD GOODE,**

    Petitioner,

vs.                                            Case No. 4:14cv508-MW/CAS

**SHERIFF OF LEON COUNTY FLORIDA,**

    Respondent.

_____/

## REPORT AND RECOMMENDATION TO DISIMISS § 2254 PETITION

On October 1, 2014, Petitioner Clifford Goode, proceeding pro se, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254.  Doc. 1.  On October 16, 2014, Petitioner submitted an amended § 2254 petition.  Doc. 9.  Petitioner challenges the conviction and sentence imposed by the Second Judicial Circuit Court, Leon County, on March 7, 2012, following a plea of no contest.  *Id.* at 1.  Respondent has filed a motion to dismiss the § 2254 petition as untimely, with exhibits.  Doc. 17.  Petitioner has not filed a reply, although given the opportunity to do so.  Doc. 15.

The matter is referred to the undersigned magistrate judge for report and recommendation pursuant to 28 U.S.C. § 636 and Northern District of Florida Local

Rule 72.2(B). The pleadings and attachments before the Court show that the petition is untimely and should be dismissed. *See* Rule 4, R. Gov. § 2254 Cases in U.S. Dist. Cts (authorizing dismissal "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief" in federal court).

## Procedural History

The State of Florida charged Petitioner with one count of failure of a sexual offender to report in violation of section 943.0435, Florida Statutes. Doc. 17 Ex. B. On March 7, 2012, Petitioner pled no contest to the charge against him, and was sentenced to 28 months' incarceration. Doc. 17 Ex. C. Petitioner did not appeal the conviction and sentence. Doc. 9 at 1–2.

On September 2, 2014, Petitioner filed a Rule 3.850 post-conviction motion in the state court claiming ineffective assistance of counsel. Doc. 17 Ex. D. On September 16, 2014, the state court denied the motion for post-conviction relief because it was untimely. Doc. 17 Ex. E at 1. Petitioner did not file any other post-conviction motions in state court. Doc. 9 at 3–5.

As indicated above, Petitioner filed his § 2254 petition in this Court on October 1, 2014, Doc. 1, and subsequently filed an amended § 2254 petition, Doc. 9. Respondent has filed a motion to dismiss the amended petition as untimely, with attached exhibits. Doc. 17. Petitioner has not filed a reply, although given the opportunity to do so. Doc. 15.

## Analysis

Pursuant to the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), there is a one-year limitations period for filing a § 2254 petition. 28 U.S.C. § 2244(d)(1).

The period generally runs from "the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review." *Id.* § 2244(d)(1)(A). Later dates which may commence the period are the date on which an unconstitutional impediment which prevented the applicant from filing is removed; the date on which the constitutional right asserted was recognized by the U.S. Supreme Court and made retroactive on collateral review; and the date on which the factual predicate for the claim could have been discovered with due diligence. *Id.* § 2244(d)(1)(B)–(D). The period is tolled for the time during which a "properly filed" application for relief is pending in state court. *Id.* § 2244(d)(2). [1]

Petitioner's conviction and sentence became final on April 6, 2012, when his time for filing a direct appeal expired. *See* 28 U.S.C. § 2244(d)(1)(A); Ramos v. State, 658 So. 2d 169 (Fla. 3$^d$ DCA 1995); Gust v. State, 535 So. 2d 642 (Fla. 1st DCA 1988) (explaining that if defendant does not appeal conviction or sentence, judgment of conviction and sentence becomes final when 30-day period for filing direct appeal expires). Accordingly, Petitioner had until April 6, 2013, to file a timely § 2254 federal habeas petition, or to file a state post-conviction motion which would toll the AEDPA limitations period. *See* 28 U.S.C. § 2244 (d)(1)–(2); Downs v. McNeil, 520 F.3d 1311, 1318 (11th Cir. 2008) (calculating limitations period according to "anniversary method"); Ferreira v. Sec'y, Dep't of Corr., 494 F.3d 1286, 1289 (11th Cir. 2007) (applying anniversary date analysis).

---

[1] The time may also be equitably tolled in rare cases and "only if a petitioner establishes *both* extraordinary circumstances and due diligence." Diaz v. Sec'y for Dep't of Corr., 362 F.3d 698, 702 (11th Cir. 2004).

Petitioner did not file any post-conviction motion until September 2, 2014, when he filed a Rule 3.850 motion in state court, well after his AEDPA one-year limitation period expired. Doc. 18 Ex. N at 1–5; see Hutchinson v. State of Fla., 677 F.3d 1097, 1098 (11th Cir. 2012) (holding in order for § 2244(d)(2) statutory tolling to apply, petitioner must file state collateral petition before one-year period for filing federal habeas petition has run); Tinker v. Moore, 255 F.3d 1331, 1335 (11th Cir. 2001) (reminding petitioners a properly and timely filed petition in state court tolls only time remaining within federal limitation period); Webster v. Moore, 199 F.3d 1256, 1259 (11th Cir. 2000) (holding state court petition that is filed following expiration of limitations period cannot toll period because there is no period remaining to be tolled). Petitioner did not file a § 2254 petition or state post-conviction motion within the one-year AEDPA limitation period, therefore, the petition is untimely. 28 U.S.C. § 2244(d).

Petitioner claims the failure to file a timely § 2254 petition may be excused due the holdings of Martinez v. Ryan, 132 S. Ct. 1309 (2013), and Trevino v. Thaler, 133 S. Ct. 1911 (2013). Doc. 9 at 16. Martinez states inadequate assistance of counsel at initial-review collateral proceedings may establish cause for a prisoner's procedural default of a claim of ineffective assistance at trial. Martinez, 132 S. Ct. at 1315. When a State requires a prisoner to raise an ineffective-assistance-of-trial-counsel claim in a collateral proceeding, a prisoner may establish cause for a default of an ineffective-assistance claim in two circumstances: the first is where the state courts did not appoint counsel in the initial-review collateral proceeding for a claim of ineffective assistance at trial; the second is where appointed counsel in the initial-review collateral proceeding, where the claim should have been raised, was ineffective under the standards of

Strickland. Martinez, 132 S. Ct at 1319. Trevino repeats the cause and prejudice standard laid out in Martinez by stating that a, "prisoner may obtain federal habeas review of a defaulted claim by showing cause for the default and prejudice from a violation of federal law" so long as "there was no counsel or counsel was ineffective" in the initial-review collateral proceeding. Trevino, 133 S. Ct. at 1917, 1921.

The cause and prejudice standard laid out in Martinez and Trevino only applies to a state law procedural default, and has no effect on the tolling of the statute of limitations for filing a § 2254 federal habeas petition. Lambrix v. Sec'y, Dep't of Corr., 756 F.3d 1246, 1262–63 (11th Cir. 2014); Chavez v. Sec'y, Dep't of Corr., 742 F.3d 940, 945–46 (11th Cir. 2014) (holding petitioner's initial § 2254 petition was dismissed as untimely because it was filed more than one year after his convictions became final on direct review and nothing in Martinez alters that fact). The court in Lambrix held:

> Equitable rule in Martinez applies only to the issue of cause to excuse the procedural default of an ineffective assistance of trial counsel claim that occurred in a state collateral proceeding and has no application to the operation or tolling of the § 2244(d) statute of limitations for filing a § 2254 petition.

Lambrix, 756 F.3d at 1249. Lambrix further states, "Martinez does not alter the statutory bar against filing untimely § 2554 petitions." Lambrix, 756 F.3d at 1262; Arthur v. Thomas, 739 F.3d 611, 630 (11th Cir. 2014) (explaining the rule in Martinez applies to excusing procedural default rather than dismissal on statute of limitations grounds).

Petitioner's claim is not one of procedural default, but an issue of timeliness where Petitioner failed to meet the one-year AEDPA limitations requirement. Because Petitioner filed his § 2254 petition after the one-year AEDPA limitations period expired,

and the holdings of Martinez and Trevino provide no basis for equitable tolling of the limitations period, the § 2254 petition is untimely.

## Conclusion

Respondent's motion to dismiss (Doc. 17) should be granted because the § 2254 petition is untimely. The § 2254 petition (Doc. 1), as amended (Doc. 9), should be dismissed.

## Certificate of Appealability

Rule 11(a) of the Rules Governing Section 2254 Cases in the U.S. District Courts provides that "[t]he district court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant," and if a certificate is issued "the court must state the specific issue or issues that satisfy the showing required by 28 U.S.C. § 2253(c)(2)." Rule 11(b) provides that a timely notice of appeal must still be filed, even if the court issues a certificate of appealability.

Petitioner cannot make a substantial showing of the denial of a constitutional right. 28 U.S.C. § 2253(c)(2); Slack v. McDaniel, 529 U.S. 473, 483–84 (2000) (explaining how to satisfy this showing) (citation omitted).[2] Therefore, the Court should deny a certificate of appealability in its final order. Leave to appeal in forma pauperis should also be denied, as an appeal would not be taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A) (providing that before or after notice of appeal is filed, court may certify appeal is not in good faith or party is not otherwise entitled to appeal in forma pauperis).

---

[2] As dismissal of the petition is recommended solely on the procedural basis of timeliness, Petitioner must show "at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." Slack, 529 U.S. at 484 (emphasis added).

The Second sentence of Rule 11(a) provides that "[b]efore entering the final order, the court may direct the parties to submit arguments on whether a certificate should issue." Petitioner shall make any arguments as to whether a certificate should issue by filing objection to this report and recommendation.

### Recommendation

It is therefore respectfully **RECOMMENDED** that Respondent's motion to dismiss (Doc. 17) be **GRANTED**, the § 2254 petition for writ of habeas corpus (Doc. 1), as amended (Doc. 9), be **DISMISSED AS UNTIMELY**, a certificate of appealability be **DENIED**, and leave to appeal in forma pauperis be **DENIED**.

**IN CHAMBERS** at Tallahassee, Florida, on April 9, 2015.

s/ Charles A. Stampelos
CHARLES A. STAMPELOS
UNITED STATES MAGISTRATE JUDGE

### NOTICE TO THE PARTIES

**A party may file specific, written objections to the proposed findings and recommendations within 14 days after being served with a copy of this report and recommendation. A party may respond to another party's objections within 14 days after being served with a copy thereof. Failure to file specific objections limits the scope of review of proposed factual findings and recommendations.**